UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN NORIEGA, MICHAEL
NORIEGA, and J&J HANDYMAN
SVC,

    Plaintiffs,

v.                                                       Case No. 8:24-cv-00600-KKM-CPT

SCOTT FARR, MIKE LAW,
JERRY HINES, and ASHLEY MOONEY,

    Defendants.
_____/

## ORDER DISMISSING PARTIES

This matter is before the Court *sua sponte* on Noriega's *pro se* complaint. (Doc. 1). The Court dismissed the case for failing to prove timely service, but the case was reopened. (Doc. 9). After reviewing the complaint, the Court finds that two defendants in this action are entitled to absolute immunity.

Plaintiff filed this suit against state court judge Scott Farr, Attorney General Ashley Moody,[1] and several other defendants. The complaint is short and difficult to decipher, without setting forth any causes of action and factual allegations.[2] But Plaintiff had at least one prior case before Judge Scott Farr in state court, so he therefore appears to be listed as a defendant because of grievances arising from that

---

[1] The complaint lists "Ashley Mooney, State Attorney," and the Court assumes this to mean Ashley Moody, Attorney General of the state of Florida. (Doc. 1)

[2] The allegations in the complaint consist of the following, without further explanation or any request for relief: "Paper for Lawn equipment/Police beat me up/false imprisonment and Lost of Business." *Id*.

case. And Attorney General Moody's inclusion is likely due at least tangentially to her role as the chief law enforcement officer of the state of Florida.

***Absolute Immunity as to Judge Farr and Attorney General Moody***

Judges are entitled to judicial immunity from all acts taken in their judicial capacity. *See, e.g., McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329 (11th Cir. May 20, 2020); *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). The scope of judicial immunity is to be construed broadly, and applies even when the judge acts in error, maliciously, or in excess of his or her jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). A judge is only subject to liability in the clear absence of all jurisdiction. *Id.* at 356-57.

Here, because Judge Scott Farr is ostensibly being sued for his official acts in a previous case, he is absolutely immune from this suit. There are no allegations that he was acting in the "clear absence of all jurisdiction." *See id.*

Prosecutors are also entitled to absolutely immunity for "acts undertaken ... in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Mastroianni v. Bowers*, 173 F.3d 1363 at 1366 (11th Cir. 1999) (quoting *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993)). This doctrine does not protect prosecutors from acts that are "not associated with [their] role as an advocate for the state." *Id.* (quoting *Buckley*, 509 U.S. at 276-78).

Attorney General Moody is shielded from liability. She is entitled to absolute immunity absent any allegations of acts that occurred outside her "role as an advocate

for the state." *Id*. In sum, both Judge Farr and Attorney General Moody are absolutely immune from this lawsuit and must be dismissed with prejudice.

*Amendment*

A *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment would be futile. *See McCree*, 2020 WL 2632329, at *1 (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). Due to absolute immunity, any claims against Judge Farr and Attorney General Moody based on their conduct in legal proceedings involving Plaintiffs are futile.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendants Scott Farr and Ashley Moody are **DISMISSED WITH PREJUDICE** from this action.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of September, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE*

---

* Signed by Judge Thomas P. Barber to expedite the resolution of this motion. This case remains assigned to Judge Kathryn Kimball Mizelle.